UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE WILDER COMPANIES, LTD., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | C.A. No. |
| MILTON 90 PLEASANT VALLEY : | |
| STREET LLC, and LEXINGTON REALTY : | JURY TRIAL DEMANDED |
| INTERNATIONAL, LLC, : | |
| : | |
| Defendants. : | |

## COMPLAINT

Plaintiff, The Wilder Companies, Ltd. ("Wilder"), brings this action against Defendants, Milton 90 Pleasant Valley Street, LLC ("Milton 90") and Lexington Realty International, LLC ("Lexington Realty") (collectively, "Defendants"), for federal trademark infringement and federal and state unfair competition. By its Complaint, Wilder seeks injunctive relief and monetary damages and alleges as follows:

## PARTIES

1. Plaintiff Wilder is a real estate management and leasing company. Wilder is a Massachusetts corporation with its principal place of business at 800 Boylston St, Boston, MA 02199.

2. Upon information and belief, Defendant Milton 90, a real estate company, is a Massachusetts limited liability company with its principal place of business at 45 School St., Suite 202, c/o Cogency Global Inc., Boston, MA 02108.

3. Upon information and belief, Defendant Lexington Realty, a real estate management company, is a New Jersey limited liability company with its principal place of business at 911 E. County Line Rd., Lakewood, NJ 08701.

## JURISDICTION AND VENUE

4. This is an action for infringement of Wilder's federally registered trademarks under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related claims of common law unfair competition under Massachusetts law. This Court has jurisdiction over the Lanham Act claims pursuant to the provisions of Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a). This Court has jurisdiction over the common law claim for unfair competition under the provisions of 28 U.S.C. § 1338(b) because that claim is joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq*.

5. This Court has personal jurisdiction over Milton 90 because, among other reasons, Milton 90 is both incorporated in and has its principal place of business in the Commonwealth of Massachusetts. This Court has personal jurisdiction over Lexington Realty because it conducts business in the Commonwealth of Massachusetts, including but not limited to by providing management services to Milton 90 in connection with a retail shopping center located at 90 Pleasant Valley Street in Methuen, Massachusetts (the "Property"). In addition, and as alleged herein, the injury to Wilder arising from Milton 90 and Lexington Realty's trademark infringement is occurring at the Property, and Defendants knew or had reason to know that the brunt of the injury from its intentional trademark infringement would be felt in Massachusetts.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

**Wilder and the LOOP Marks**

7. Wilder is a real estate management and leasing company that develops, manages, advises on, and invests in a variety of real estate properties, with a focus on forward-thinking retail destinations.

8. In connection therewith, Wilder has used or licensed the use of the trademark THE LOOP® since at least as early as 1998, and has used or licensed the use of a stylized logo of the same since at least as early as 2012 (collectively, the "LOOP Marks").

9. Wilder is the owner of valid and subsisting federal service mark registrations on the Principal Register in the United States Patent and Trademark Office ("PTO") for its LOOP Marks in connection with retail shopping center services. On November 24, 2015, the PTO issued both United States Trademark Registration No. 4,857,832 for THE LOOP® word mark and United States Trademark Registration No. 4,857,833 for a stylized logo of THE LOOP. True copies of the Certificates of Registration for Reg. No. 4,857,832 and Reg. No. 4,857,833 are attached hereto as Exhibit A. Each of these registrations is incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

10. Wilder has invested substantial time, money, and effort into establishing brand recognition and consumer goodwill in the LOOP Marks in the real estate development and management fields. The LOOP Marks have been used in commerce continuously since 1998 and are assets of great value to Wilder.

11. Wilder has licensed the LOOP Marks to owners of commercial real estate properties in Massachusetts and Florida including, *inter alia*, Core Fund Loop Property 2, LLC ("Core Fund"), which secured from Wilder the LOOP Marks for use in connection with the Property.

12. Pursuant to its licensing agreements, Wilder collects fees for use of the LOOP Marks and exercises quality control over the use of the LOOP Marks by its licensees. Licenses cannot be assigned or transferred without Wilder's consent.

13. As a result of Wilder's investment in and strict control of its licensed marks, the LOOP Marks have become widely known amongst consumers and in the retail real estate market as identifying high quality retail services.

**Defendants' Unlawful Conduct**

14. Defendants offer real estate management services competitive with those of Wilder and its licensees of the LOOP Marks, through the same channels of trade and directed to the same customers and/or prospective customers.

15. Since July 7, 2022, when Milton 90 purchased the Property from Core Fund, Defendants have been using the LOOP Marks without authorization from Wilder, as depicted below:





16. On November 17, 2022, counsel for Wilder sent Milton 90 a cease and desist letter demanding that it stop using the LOOP Marks or, in the alternative, enter into a license to use of the LOOP Marks in connection with the Property. A true copy of the November 17, 2022 letter is attached hereto as <u>Exhibit</u> <u>B</u>.

17. Milton 90 has not responded to the November 17, 2022 letter.

18. To date, Defendants continue their unauthorized use of the LOOP Marks.

19. By using and continuing to use the LOOP Marks, Defendants create a false designation of origin as to the source of their real estate management services.

20. Defendants' actions create a likelihood of confusion and deception as to whether their real estate management services originate with, or are sponsored, affiliated, or approved by, Wilder.

21. By using and continuing to use the LOOP Marks, Defendants are infringing the LOOP Marks and competing unfairly with Wilder and Wilder's authorized licensees.

22. Wilder has been damaged thereby. It has no adequate remedy at law.

**COUNT I**
**Federal Trademark Infringement**
**(Violation of 15 U.S.C. § 1114, *et seq.*)**

23. Wilder repeats and realleges the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Wilder is the owner of federal trademark registrations for the LOOP Marks.

25. Through their unauthorized use of the LOOP Marks in commerce, Defendants have infringed and continue to infringe Wilder's rights in the LOOP Marks so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and sponsorship of Defendants' services.

26. The unauthorized acts of Defendants in advertising and promoting services as alleged above constitute trademark infringement of Wilder's federally registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1114 *et seq.*, to the substantial and irreparable injury of the public and Wilder's business reputation and goodwill.

27. The unauthorized acts of Defendants in advertising and promoting services as alleged above were commenced and continue in spite of their actual and/or constructive knowledge of Wilder's rights in the LOOP Marks and in spite of their knowledge that such activity was and is in direct contravention of Wilder's rights.

28. Unless Defendants are enjoined from engaging in such unlawful conduct, Wilder will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

29. Wilder has been damaged thereby and has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition and False Designation of Origin
### (Violation of 15 U.S.C. § 1125(a), *et seq.*)

30. Wilder repeats and realleges the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The aforesaid acts of Defendants constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origins; and false and misleading misrepresentations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with Wilder, or as to the origin, sponsorship or approval of Defendants' services or other commercial activities by Wilder.

32. The aforesaid acts of Defendants constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Defendants' services or other commercial activities.

33. The aforesaid acts of Defendants constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. The aforesaid acts of Defendants have caused, and are causing, great and irreparable harm and damage to Wilder and, unless permanently restrained by this Court, said irreparable injury will continue.

35. Wilder has been damaged thereby and has no adequate remedy at law.

## COUNT III
### (Common Law Unfair Competition)

36. Wilder repeats and realleges the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Defendants' aforesaid acts are a violation and in derogation of Wilder's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendants' services.

38. Defendants' aforesaid acts are causing loss, damage and injury to Wilder and to consumers and the public.

39. Defendants know, or reasonably should know, that their conduct is likely to mislead the public.

40. Defendants' aforesaid acts have been knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Wilder's rights.

41. As a direct and proximate result of Defendants' wrongful conduct, Wilder has been and will be deprived of licensing revenue and has suffered a diminution of the value of its LOOP Marks.

42. The aforesaid acts of Defendants have caused and continue to cause irreparable harm and damage to Wilder and, unless permanently restrained by this Court, said irreparable injury will continue.

43. Wilder has been damaged thereby and has no adequate remedy at law.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of The Wilder Companies, Ltd., and against Defendants and grant the following relief:

A. Compensatory damages resulting from Defendants' infringement and unfair competition, in an amount to be ascertained at trial;

B. A trebling of any and all relevant damages awarded, pursuant to 15 U.S.C. § 117(a);

  C. A temporary, preliminary and permanent injunction barring Defendants and their officers, agents, servants, employees, retail tenants and all persons acting in concert with Defendants from any use of the designation, LOOP, or any other name or mark confusingly similar to Wilder's LOOP Marks either alone or in combination with other words or symbols, as a part of any trademark, service mark, trade name, corporate name, assumed name, domain name, web site, email address, or in any other manner in connection with real estate;

  D. An injunction ordering Defendants to deliver up for destruction all literature, signs, prints, advertising materials, catalogues, stationery and any other item bearing the LOOP Marks, either alone or in combination with other words or symbols, that is published, even if not disseminated publicly, for promoting Defendants' goods and/or services, pursuant to 15 U.S.C. § 1118;

  E. An award of Wilder's attorneys' fees and costs; and

  F. Such other and further relief that the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Wilder hereby demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

THE WILDER COMPANIES, LTD.,
By Its Attorneys,


*/s/ Craig M. Scott*
Craig M. Scott, Esq. (#556210)
Elizabeth M. Nagle, Esq. (#696775)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109-1775
(617) 378-4208 Phone
(617) 345-9020 Fax
cscott@hinckleyallen.com
lnagle@hinckleyallen.com

Dated: March 13, 2023

63363144