JUNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE WILDER COMPANIES, LTD.

        Plaintiffs

   v.

MILTON 90 PLEASANT VALLEY
STREET, LLC and
LEXINGTON REALTY INTERNATIONAL,
LLC

        Defendants.

_____

Civil Action No.: 1:23-cv-10550

Third Party Complaint

MILTON 90 PLEASANT VALLEY STREET
LLC and LEXINGTON REALTY
INTERNATIONAL, LLC

        Third Party Plaintiffs

V.

CORE FUND LOOP PROPERTY 2, LLC,
INVESCO ADVISERS, INC. and INVESCO
LTD.
        Third Party Defendants.


**MILTON 90 PLEASANT VALLEY STREET LLC ., AND LEXINGTON REALTY INTERNATIONAL, LLC's THIRD PARTY COMPLAINT AGAINST CORE FUTHIRD-PARTYPERTY 2, LLC, INVESCO ADVISERS, INC. AND INVESCO LTD.**

Third Party Plaintiffs bring this action against Third Party Defendants Core Fund Loop Property 2, LLC ("Core Fund")  Invesco Advisers, Inc. ("Invesco Advisors") and Invesco Ltd., as of right pursuant to FRCP Rule 14(a)(1) and Rule 6(a)(1)(C), seeking reimbursement for any

damages sustained by Third Party Plaintiffs in the action (the "Main Action") brought by Plaintiff The Wilder Companies, Ltd. ("Wilder") against Milton 90 Pleasant Valley Street LLC ("Milton") and Lexington Realty International LLC ("Lexington").

## The Parties

1. The Main Action was commenced by the filing of a Complaint (Doc No. 1), the "Complaint") by Wilder on March 13, 2023.

2. Wilder alleges in Paragraph 1 of the Complaint that it is a Massachusetts corporation with its principal place of business in Boston.

3. Defendant Milton is a Massachusetts limited liability company with an address in Tarrytown, New York.

4. Defendant Lexington is a New Jersey limited liability company with an address in Lakewood, New Jersey.

5. Third Party Defendant Core Fund is, upon information and belief, a Delaware limited liability company qualified to do business in Massachusetts with a principal office in Dallas, Texas.

6. Third Party Defendant Invesco Advisers is a Delaware corporation qualified to do business in Massachusetts with a principal office in Dallas, Texas.

7. Third Party Defendant Invesco Ltd is an entity organized in Bermuda with a principal office in Atlanta. Georgia.

**Jurisdiction And Venue**

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000 and each party is a citizen of a different or foreign state or country.

9. This Court has personal jurisdiction over the Third-Party Defendants because, upon information and belief, each of the Third-Party Defendants, by themselves or through their agents, regularly solicits, transacts, and engages in business in Massachusetts; derives substantial revenue from services rendered in Massachusetts; and has caused Plaintiffs' injuries alleged herein from its acts within the State of Massachusetts. Core Fund specifically is subject to the jurisdiction of this court because it is qualified as foreign corporation to do business in Massachusetts. Further, Invesco Advisors is subject to the jurisdiction of this court because it is qualified as a foreign corporation in Massachusetts.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. $ 1391 because, upon information and belief, the Third-Party Defendants regularly conduct business in Massachusetts, either directly, or through their subsidiary and are therefore subject to personal jurisdiction in this district. and/or a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

**The Complaint**

11. Wilder alleges in the Complaint that Milton and Lexington have infringed trademarks owned by Wilder consisting of the "Loop" and its stylized logo (the "Loop Marks")

in connection with the operation of a shopping center located at a property in Methuen, Massachusetts (the "Property")

12. In the Complaint, Wilder seeks damages for Federal Trademark Infringement, Unfair Competition and False Designation of Origin and Common Law Unfair Competition.

### The Answer Of Milton And Lexington

13. Defendants Milton and Lexingon filed their Answer on April 29, 2023 (Doc. No. 20) in which, with certain exceptions that are not material, they deny the allegations in the Complaint.

14. In their Answer, Defendants Milton and Lexington assert nine Affirmative Defenses consisting of Insufficient Service of the Summons; Failure to State a Claim upon Which Relief Can be Granted; Unclean Hands; Absence of Damages; Lack of Confusion; a claim that the Loop Marks are address designations and not trademarks; the Trademark First Sale Doctrine Applies; Defendants Always Acted in Good Faith; and Loss of Rights in the Loop Marks.

### Grounds for Recovery Against Third Party Defendants

### Core Fund

15. Third-Party Plaintiffs, Milton and Lexington, allege, as their Third Affirmative Defense, that the alleged trademark infringement and unfair competition, if any, were the direct result of a blatant breach by Core Fund of representations, warranties and covenants in a Purchase and Sale Agreement (the "Purchase Agreement") between Core Fund, as seller, and Milton's assignor, as purchaser, pursuant to which Core Fund sold the Property to Milton.

16. The breach of the Purchase Agreement occurred by reason of Core Fund's omission from the Purchase Agreement of a disclosure that the Loop Marks were not the property of Core Fund but were owned by Wilder and that the Loop Marks were subject to a License Agreement between Wilder as licensor and Core Fund as licensee.

17. In essence, Core Fund induced Milton to purchase the Property by falsely representing that Core Fund was the owner of all of the assets comprising the Property.

18. Consequently, any damages that would be owed by Milton and Lexington to Wilder pursuant to any judgement against Milton and Lexington obtained in the Main Action should be the liability of Core Fund.

## **Invesco Advisors**

19. Pursuant to Section 11.16 of the Purchase Agreement, representations made by Core Fund thereunder are based on the "…actual knowledge without inquiry or investigation of Asset Manager, provided, however, that such individual shall have no personal liability with respect to any such representation or warranty." In the definitional section of the Purchase Agreement, the Asset Manager is identified as "Matthew Moore, the asset manager with Invesco Advisers, Inc….Seller's investment advisor."

20. On information and belief, Milton and Lexington assert that Core Fund's failure to disclose that the Loop Marks were not owned by Core Fund but were owned by Wilder, was the result of intentional acts of Invesco Advisors through its agent Matthew Moore, constituting common law fraud (vitiating the disclaimer of liability set forth in Section 11.16 of the Purchase Agreement) because (i) such acts constituted deliberate concealment of material facts, (ii) with

knowledge that the representations by Core Fund were false, (iii) with an intent to induce Milton to purchase the Property and (iv) Milton justifiably relied upon such representations.

21. Accordingly, Milton and Lexington contend that Invesco Advisers isby virtue of its breach of its duty to disclose is liable for any damages that are found to be due to Wilder under the Complaint.

### Invesco Ltd.

22. On information and belief, Milton and Lexington assert that (i) Invesco Ltd is the indirect owner of Core Fund and Invesco Advisers; and (ii) Invesco Ltd exercises total control of such entities and such entities are the alter egos and agents of Invesco Ltd.

23. According to the records of the Massachusetts Secretary of the Commonwealth, the managers, officers and directors of Core Fund and Invesco Advisers are individuals or entities whose offices are in Atlanta, where Invesco Ltd is headquartered or in Dallas, Texas, where, upon information and belief, other subsidiaries of Invesco Ltd are located, and in Houston, Texas. These entities are the vehicles and instrumentalities through which Invesco Ltd carries on business in Massachusetts.

24. Consequently, this Court has a basis for finding that Invesco Ltd. is subject to the jurisdiction of this Court and is liable for the acts of Core Fund and Invesco Advisers.

25. Accordingly, Invesco Ltd is liable for any damages that are found to be due to Wilder under the Complaint.

### M.G. L. §93(a)

26. Third-Party Defendants were and/or are conducting trade or commerce within the meaning of M.G.L. Chapter 93(a).

27. The above identified, egregious acts of intentional fraud and misrepresentation by Third Party Defendants over an extended period of time constitute unfair, deceptive, and fraudulent acts pursuant to M.G.L. chapter 93(a).

28. Third-Party Plaintiffs Milton and Lexington have been and will continue to be damaged by Third Party Defendants' egregious acts of fraud, coercion, as well as Third Party Defendants' unfair and deceptive trade practices.

29. Third-Party Defendants' acts of willful, intentional, malicious acts are the direct and proximate cause of substantial harm to Third-Party Plaintiffs Milton and Lexington that justify a trebling of damages, costs, and attorneys against Third Party Defendants.

WHEREFORE, Third-Party Plaintiffs Milton and Lexington demand judgment in their favor against Core Fund, Invesco Advisers and Invesco Ltd in the amount of any sums or damages found to be due from Milton and Lexington to Wilder in the Main Action.

Date: May 15, 2023

Respectfully submitted,

**MILTON 90 PLEASANT VALLEY STREET LLC and LEXINGTON REALTY INTERNATIONAL, LLC**
Defendants

By their attorneys

/s/ Chester P Lustgarten

Chester P. Lustgarten
200 Broadway, 3rd Floor
New York NY 10038

Tel.: (917) 512-1915

Email: clustgarten@quemetrix.com

And

_/s/William E. O'Brien

William E. O'Brien, Esq.
O'Brien Global Law
BBO # 552553
2 Connector Road, Suite 200
Westborough MA 01581

Tel.: (781) 956-5363

Email: william@masstechlawyer.com

Certificate of Service

Defendants' counsel certify that a true copy of the above document was served upon the attorney of record for Plaintiff by filing the document using the Court's PACER system, resulting in transmission of the Notice of Electronic Filing upon registered PACER users through the Court's transmission facilities on May 15, 2023.

4889-5203-5424, v. 1